1

MICHAELSON, SUSI & MICHAELSON                (SPACE BELOW FOR FILING STAMP ONLY)

A Professional Corporation

2          ATTORNEYS AT LAW
SEVEN WEST FIGUEROA STREET, SECOND FLOOR
3          SANTA BARBARA, CALIFORNIA 93101-3191
Telephone:  (805) 965-1011
4          Facsimile:  (805) 965-7351

Peter Susi, Bar No. 62957
5     Jonathan Gura, Bar No. 214240

6

Attorneys for Debtor and Debtor-in-Possession
7

8

9          **UNITED STATES BANKRUPTCY COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

11

| | |
|---|---|
| In re | ) BK No. 09-12311-RR |
| | ) |
| HOLLYWOOD MOTION PICTURE AND | ) Chapter 11 |
| TELEVISION MUSEUM, | ) |
| | ) Adv. No. |
| Debtor. | ) |
| | ) |
| | ) COMPLAINT TO (1) DETERMINE |
| HOLLYWOOD MOTION PICTURE AND | ) VALIDITY OF LIEN ON PRINCIPAL |
| TELEVISION MUSEUM, | ) ASSETS OF ESTATE AND (2) FOR |
| | ) DAMAGES FOR STAY VIOLATION |
| Plaintiff, | ) AND INJUNCTION AGAINST |
| | ) CONTINUING VIOLATION OF 11 |
| vs. | ) USC § 362(a)(6) |
| | ) |
| GREGORY J. ORMAN, | ) |
| | ) HEARING TO BE SET |
| Defendant. | ) |
| | ) |

Plaintiff Hollywood Motion Picture Museum ("HMPM" or the

"Debtor") alleges as follows:

JURISDICTION AND VENUE

1.   This court has jurisdiction over this adversary

proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §§

157(b)(2)(A), (B), (K) and (O).

-1-

1    2.    This is a core proceeding in the above-referenced

2  chapter 11 case currently pending before this court.

3    3.    Venue in this court is proper under 28 U.S.C. §

4  1409(a) and the general order of reference of bankruptcy cases

5  to this court.

6    4.    HMPM is informed and believes and based thereon

7  alleges that Defendant Gregory J. Orman ("Orman") is an

8  individual who asserts a secured claim against the principal

9  assets of this estate.

10                    <u>GENERAL ALLEGATIONS</u>

11    5.    HMPM filed this case on June 12, 2009.  No trustee

12  has been appointed by the Court, and HMPM has remained as

13  Debtor-in-Possession.

14    6.    On September 4, 2002 HMPM borrowed $1,000,000 from

15  Orman and executed a security agreement pursuant to which HMPM

16  granted Orman a lien on HMPM's extensive collection of

17  Hollywood costume memorabilia to secure the debt (the "Debtor

18  Pledged Assets").

19    7.    On March 18, 2003, the parties modified the loan and

20  HMPM borrowed an additional $600,000 from Orman.  To secure the

21  modified loan of $1.6 million (the "Loan"), two additional

22  entities related to HMPM, Hollywood Motion Picture Trust and

23  Selden Enterprises Limited Partnership (the "Pledgors"),

24  executed Security Agreements pursuant to which the Pledgors

25  pledged their collection of Hollywood costume memorabilia (the

26  "Pledgor Pledged Assets").

27

28

8.    The Pledgors are not obligated to pay the loan, but have only pledged their assets to Orman to secure repayment of his loan.

9.    HMPM thereafter defaulted on the Loan.

10.    On June 27, 2007, Orman filed a collection action against HMPM and the Pledgors in Superior Court for the State of California, County of San Luis Obispo, case number CV 070565 (the "California State Court Case") seeking a judgment of $4,816,994.70 (the "Orman Claim").

11.    HMPM and the Pledgors asserted that the Loan violated California's usury laws.

12.    The central issue in the California State Court Case was whether California law, which provides a usury defense, or Kansas law, which may not, should apply.

13.    One year after the suit was filed, the California Superior Court denied Orman's motion for summary judgment on the choice of law issue and Orman voluntarily dismissed the case.

14.    Orman then filed an identical action against HMPM and the Pledgors in the District Court of Johnson County, Kansas, Civil Court Department, Case Number 08-CV-06262 (the "Kansas State Court Case").

15.    On June 19, 2009, HMPM filed a notice of removal in the Kansas State Court Case to the United States District Court for the District of Kansas, Case No. 09-CV-2333 JWL/DJW, and a motion to transfer the case to this court.

16.    Rather than completing the transfer to this Court, On September 8, 2009, United States District Judge Lungstrum

1  remanded the case back to the Kansas state court.  A copy of

2  Judge Lungstrum's decision is attached hereto as Exhibit A.

3      17.    Although there have been no proceedings in the Kansas

4  state court since the issuance of Judge Lungstrum's Order,

5  prior to removal but following the commencement of this Chapter

6  11 case, Orman was vigorously urging the Kansas state court

7  judge to allow Orman to proceed against Pledgors in the

8  Debtor's absence.

9      18.    In order to enforce his secured claim against the

10  Pledgors, Orman must liquidate in the pending Kansas State

11  Court Case the amount of the Orman Claim, which is a claim only

12  against the Debtor.

13      19.    Orman's efforts to liquidate the amount of the Orman

14  Claim against Debtor in the Kansas State Court Case are a

15  violation of the automatic stay of section 362(a)(6).

16                              Count #1:

17         To Determine Extent and Priority of Orman's Claim

18      20.    HMPM incorporates paragraphs 1 through 19 of this

19  complaint.

20      21.    The Debtor Pledged Assets were valued by Debtor on

21  its Bankruptcy Schedules at $10,542,403, based upon a 2001

22  appraisal.

23      22.    The Pledgor Pledged Assets are, with minor

24  exceptions, in Debtor's possession and were valued in the

25  Statement of Affairs Section 14 of Debtor's Bankruptcy

26  Schedules at $7,281,975 (Selden Enterprises Limited

27  Partnership) and $5,261,474 (Hollywood Motion Picture Trust).

28

1        23.   Debtor's reorganization prospects hinge entirely upon

2    Debtor's ability to liquidate the amount of the Orman Claim,

3    pay, or make other acceptable provision for the Orman Claim,

4    and jointly display to the public in a museum setting the

5    Debtor Pledged Assets and the Pledgor Pledged Assets.

6        24.   Liquidation of the Orman Claim is a core function of

7    this Court.

8        25.   The Orman Claim is subject to the usury laws set

9    forth in the California Constitution, Article XV, § 1.

10        26.   Orman is entitled to a secured claim in this case in

11    the amount of the principal loaned to HMPM, $1,600,000, less

12    appropriate damages for violations of California's usury

13    statutes.

14                      Count #2:

15          For Damages For Stay Violation and

16       Injunction Against Continuing Violation of

17            11 U.S.C. § 362(a)(6)

18        27.   HMPM incorporates paragraphs 1 through 19 of this

19    complaint.

20        28.   Orman is violating § 362(a)(6) by seeking to assess

21    the Orman Claim against the Debtor in the Kansas State Court

22    Case.

23        29.   Orman's continuing violation of the automatic stay is

24    causing HMPM damages in an amount to be proven.

25        WHEREFORE, HMPM prays for a judgment as follows:

26        Count 1:   Fixing the amount, validity and priority of the

27    Orman Claim.

28

1    Count 2:   Permanently enjoining Orman from proceeding

2  against any defendant in the Kansas State Court Case and

3  awarding Debtor damages according to proof for violation of §

4  362(a)(6).

5    For such other and further relief as this court deems just

6  and proper.

7    DATED:   September  _10_ , 2009.

8

9                            MICHAELSON, SUSI & MICHAELSON
                            A Professional Corporation
10
                            By _____
11                            PETER SUSI, Attorneys
                            for Hollywood Motion Picture
12                            and Television Museum

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **GREGORY J. ORMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 09-2333** |
| | ) | |
| **HOLLYWOOD MOTION PICTURE &** | ) | |
| **TELEVISION MUSEUM, HOLLYWOOD** | ) | |
| **MOTION PICTURE TRUST, DEBBIE** | ) | |
| **REYNOLDS & TODD FISHER as Trustees** | ) | |
| **of the Hollywood Motion Picture Trust, and** | ) | |
| **SELDEN ENTERPRISES LIMITED** | ) | |
| **PARTNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Plaintiff Gregory J. Orman originally filed this action in the District Court of Johnson County, Kansas. Defendants removed it to this court, and now seek to have it transferred to the Bankruptcy Court for the Central District of California, Northern Division, where the bankruptcy proceedings for the Hollywood Motion Picture and Television Museum are pending (doc. 4). Mr. Orman opposes that transfer (doc. 14) and asks this court to remand the case back to the Johnson County court (doc. 12). For the reasons discussed below, this case is remanded back to state court.

**1.     Background**

The events of this lawsuit began in 2002, when Mr. Orman loaned the Museum

**EXHIBIT "A"**

$1 million. The loan was amended and extended, and according to the terms of the amended note, repayment of the loan is secured by the assets[1] of the Museum, the Hollywood Motion Picture Trust, and Selden Enterprises Limited Partner (SELP). When the Museum failed to repay the loan according to its terms, the parties executed a Forbearance Agreement.

Mr. Orman initially filed a collection action against the Museum in California state court. The Museum asserted that the loan violated California's usury laws. Ultimately, Mr. Orman voluntarily dismissed that action, and he then filed a complaint in Johnson County, Kansas court, alleging that Defendants breached the Forbearance Agreement, the amended loan note, and three separate amended security agreements.[2] Mr. Orman also seeks replevin and foreclosure of the security interest.

In June 2009, the Museum filed a petition in the Bankruptcy Court for the Central District of California, Northern Division, seeking relief under Chapter 11 of the Bankruptcy Code. Shortly thereafter, Defendants removed Mr. Orman's action to this court.

---

[1] These assets include a substantial collection of Hollywood memorabilia, costumes, and artifacts from almost every Academy Award-winning film, including Marilyn Monroe's white dress from *The Seven Year Itch* and Judy Garland's ruby-red slippers from *The Wizard of Oz*.

[2] All of those documents provided that any legal action in connection with the documents would be filed in the district court of Johnson County, Kansas or in the United States District Court for the District of Kansas.

2.    **Legal Standards**

Section 1452, under which Defendants removed this action from state court, permits removal of any claim or cause of action to the federal district court if such court has jurisdiction over the suit pursuant to § 1334. 28 U.S.C. § 1452(a). Section 1334(a) gives district courts jurisdiction over "all cases under title 11 [of the Bankruptcy Code]," and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(a), (b).

Mr. Orman asks this court to remand, arguing that there is no bankruptcy jurisdiction over his claims against the Trust and SELP. He also seeks remand under section 1452(b), which allows a court to remand a removed case "on any equitable ground." *Id.* § 1452(b). And he requests remand under § 1334's discretionary abstention provisions. *Id.* § 1334(c)(1).

Defendants seek to transfer venue to the California bankruptcy court pursuant to § 1412, which permits a district court to transfer "a case or proceeding under title 11" to another district "in the interest of justice or for the convenience of the parties." *Id.* § 1412.

3.    **Section 1452 Removal Jurisdiction**

This court must first consider the propriety of the removal to determine whether it has jurisdiction to consider the parties' various requests. As noted above, § 1452(a) allows remand of any claim or cause of action over which this court has jurisdiction. Section 1334(b) gives district courts jurisdiction to hear cases "arising in or related to

cases under title 11."

District courts have jurisdiction over, and can refer to the bankruptcy courts, the following categories of proceedings: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11; and (4) proceedings related to a case under title 11. §§ 1334(a), (b); 28 U.S.C. § 157(a).

Categories (1), (2), and (3) are "core proceedings." *Personette v. Kennedy*, 204 B.R. 764, 774 (10th Cir. 1997). "Cases under title 11" are the bankruptcy cases themselves. *Personette*, 204 B.R. at 770 n.6. "A proceeding 'arises under' the Bankruptcy Code if it asserts a cause of action created by the Code." *Id.* And "arising in" proceedings are defined as follows:

> Proceedings "arising in" a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code. For example, orders respecting the obtaining of credit, confirmation of a plan, the assumption or rejection of a contract are all matters which could not exist absent the filing of a bankruptcy case, but are not causes of action created by the Bankruptcy Code.

*Id.* (citations omitted).

None of these categories applies to the case before the court. Mr. Orman raises a breach of contract claim and other state law claims not created by the Bankruptcy Code or dependent upon the bankruptcy proceeding.

Under category (4), a proceeding is "related to" a case under title 11 "if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being

4

administered in bankruptcy.'" *Id.* at 771 (quoting *Gardner v. United States*, 913 F.2d 1515, 1518 (10th Cir. 1990)). "Related" proceedings include "causes of action owned by the debtor which become property of the estate . . . and suits between third parties which have an effect on the bankruptcy estate." *Id.* (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5 (1995)).

Clearly, the action against the Museum may have an effect on its bankruptcy estate. Mr. Orman asserts, however, that his claims against the Trust and SELP are separate and apart from the Museum's bankruptcy proceeding, and thus are not properly removed to this court. Defendants maintain that they are all "intimately related parties." Specifically, Defendants note that all three entities—the Museum, the Trust, and SELP—are owned by Todd Fisher or members of his family. Defendants contend that "virtually all" of the memorabilia they pledged to Mr. Orman are stored together and will eventually be displayed together, available to public viewing, as part of the Museum's reorganization's efforts.

Although the court's "related to" jurisdiction may extend to actions involving nondebtor third parties, the action against the third party must still conceivably have an effect on the debtor's bankruptcy case. *Gardner*, 913 F.2d at 1518; *Personette*, 204 B.R. at 772. Here, the court can see no effect on the Museum's bankruptcy proceeding—and Defendants have not identified any—of the claims against the Trust and SELP. The three Defendants are separate entities, and each pledged their own assets as consideration for their individual contracts with Mr. Orman. Mr. Orman's claims to enforce those

5

individual contracts signed by the Trust and SELP and to recover the assets pledged by the Trust and SELP will have no effect on the administration of the Museum's bankruptcy case.

Defendants suggest that Mr. Orman "could not possibly proceed with a case against [the] Trust or SELP without also proceeding against [the Museum]." Mr. Orman disputes this conclusion, arguing that the Museum is not a necessary party to its actions against the Trust or SELP. Regardless, the possibility that Mr. Orman's case may not be able to proceed while the Museum is in bankruptcy does not change the analysis this court must conduct to determine whether Mr. Orman's claims against the Trust and SELP are related or would have an effect on the Museum's bankruptcy proceeding.

Defendants also contend that the Bankruptcy Court could extend the automatic stay protection to nondebtor parties, like the Trust and SELP, which would effectively halt Mr. Orman's lawsuit. Perhaps. But again, that possibility does not alter the court's determination that Mr. Orman's breach of contract claims against the Trust and SELP will not have an effect on the Museum's bankruptcy case.

Given that § 1452 removal is contingent on § 1334 jurisdiction, *Personette*, 204 B.R. at 772-73, removal of the claims against the Trust and SELP was improper and those claims must be remanded to state court. *See, e.g., Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 323 (10th Cir. 1994) (noting that "[t]he district court found that the matters raised in the state suit were neither 'core' nor 'related' to the bankruptcy proceeding and ordered the case remanded to state court").

### 4.   Mr. Orman's claims against the Museum

The removal statute explicitly counsels that the district court may remand an action "on any equitable grounds." § 1452(b).   Such equitable considerations include

> (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result.

*SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 204 B.R. 222, 225 (D. Kan. 1996).

Here, the court is persuaded by a couple of factors.  First, it makes sense to keep Mr. Orman's lawsuit together, rather than to bifurcate his claims into two separate cases in two different courts.  A single case in front of a single court will allow for a more efficient use of judicial resources.  Second, the contractual agreements at issue included a forum selection clause that any legal action would be filed either in Johnson County state court or in this court.  Rather than transfer Mr. Orman's claim against the Museum to the bankruptcy court in California, this court is inclined to keep it in Kansas to uphold the forum selection clause.  *See, e.g.*, *D.E. Frey Group v. FAS Holdings, Inc.*, 387 B.R. 799, 804-06 (D. Colo. 2008) (discussing at length the propriety of enforcing forum selection clauses in bankruptcy cases).

Thus, this court will exercise its discretion to remand Mr. Orman's claims against the Museum back to state court along with his claims against the other Defendants.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants motion to transfer (doc. 4) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand (doc. 12) is granted.  This case is remanded back to the District Court of Johnson County, Kansas for further proceedings.

**IT IS SO ORDERED** this 8th day of September, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

8

**14**

FORM B104 (08/07)                                                                2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS HOLLYWOOD MOTION PICTURE AND TELEVISION MUSEUM | DEFENDANTS GREGORY J. ORMAN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Michaelson, Susi & Michaelson/7 W. Figueroa St., 2nd Floor, Santa Barbara, CA 93101<br>(805) 965-1011 | ATTORNEYS (If Known)<br>Eric C. Carter and Stinson Morrison Hecker, LLP |

| PARTY (Check One Box Only)<br>[x] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor    [ ] Other<br>[ ] Trustee | PARTY (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[x] Creditor    [ ] Other<br>[ ] Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO (1) DETERMINE VALIDITY OF LIEN ON PRINCIPAL ASSETS OF ESTATE & (2) FOR DAMAGES FOR STAY VIOLATION & INJUNCTION AGAINST CONTINUING VIOLATION OF 11 USC SECTION 362(a)(6)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11-Recovery of money/property – §542 turnover of property
- [ ] 12-Recovery of money/property – §547 preference
- [ ] 13-Recovery of money/property – §548 fraudulent transfer
- [x] 14-Recovery of money/property – other   Damages

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [x] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability – §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability – §523(a)(8), student loan
- [ ] 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [x] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [x] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $  Unknown |

Other Relief Sought

CCD-B104

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
| --- | --- |
| NAME OF DEBTOR<br>HOLLYWOOD MOTION PICTURE & TELEVISION MUSEUM | BANKRUPTCY CASE NO.<br>09-12311-RR |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| --- | --- | --- |
| Central District of California | Northern | Robin Riblet |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| --- | --- | --- |
| PLAINTIFF<br>N/A | DEFENDANT | ADVERSARY PROCEEDING NO. |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| --- | --- | --- |
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
| --- |
| |

| DATE<br>September  10, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>PETER SUSI |
| --- | --- |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.